REQUESTED BY: Donald Gerber, State Director, Department of Public Welfare
1. Does the implementation of an Attendance/Absenteeism Policy Program, providing for an Absence Intervention Program and corrective action including verbal counseling, written warning, and administrative probation, require the approval of the Nebraska Merit System and the Nebraska Department of Public Welfare?
2. Does the implementation of an Attendance Reward Program, which provides for awards of varying amounts of `free time' for employees who do not use sick leave during various increments of time, require the approval of the Nebraska Merit System and the Nebraska Department of Public Welfare?
1. Yes.
2. Yes.
Neb.Rev.Stat. § 68-708 provides that the county director of public welfare with approval of the county board of public welfare shall employ such additional personnel as may be necessary for the efficient performance of the welfare services of the county and, insofar as such employees relate to assistance and child welfare, they shall comply with provisions of the State Merit System.
The Merit System provides for vacation and sick leave in Rules 15(5), 15(6), and 15(7), as do the Nebraska Public Welfare Manual, Part V, Sections 9210-9227, and Neb.Rev.Stat. §§ 81-1320 through 81-1328. The Public Welfare Manual states that the State Department of Public Welfare and county divisions of public welfare must follow the policies contained therein regarding annual leave (Section 9210) and sick leave (Section 9220).
The provisions of Rule XV, the Public Welfare Manual, and the statutes do not directly address attendance programs which allow leave to employees with perfect attendance records. Absent such provisions, the Director of the Department of Public Welfare shall have the authority to approve the Lancaster County Division attendance programs pursuant to Neb.Rev.Stat. § 68-703(10) which states that the Director shall provide such supervisory services as may be required to determine that county departments of public welfare are fulfilling their administrative duties in compliance with the statutes of Nebraska and state regulation. According to Merit System Rules 3(5)(c) and (d) the Joint Merit System shall advise the Director as to problems concerning personnel administration, and approve policies and procedures promulgated by the Director for effectuating the Merit System.
Here, the Lancaster County division formulates and administers new personnel programs as opposed to merely putting existing regulations into operation, and, therefore, approval from the State Department of Welfare and Joint Merit System Council is warranted.
The Lancaster County Division programs evaluate employee attendance, and reward `perfect attenders' for given periods of time. Therefore, for purposes of applying the Merit System provisions, the attendance programs should be considered in light of the performance evaluation provisions. Merit System Rule 14(1) provides:
 The Council shall establish and implement a system of performance evaluations designed to give a reliable and valid evaluation of the work performed by classified employees. All agency performance evaluation systems shall be in substantial conformance with the guidelines established for a performance evaluation system established by the Council.
Utilizing unused sick leave as the `ticket' to higher employee performance in the form of increased attendance represents a material departure from the established annual and sick leave systems. Thus, approval for such programs must be obtained from the Nebraska Merit System and the Nebraska Department of Public Welfare.
This position is consistent with American Federationof State, County, and Municipal Employees, AFL-CIO, Local2088 v. County of Douglas, 201 Neb. 295, 257 N.W.2d 736
(1978), which acknowledges that all county-level welfare employees are subject to the State Merit System, `that the working' level for county division welfare employees is basically in the 93 individual county divisions of public welfare, rather than in the State Department of Public Welfare, and that the state agency is primarily a supervisory agency, monitoring the administration of several welfare programs.' 201 Neb. at 299, 267 N.W.2d at 739.
Further, the need for a centralized system of Public Welfare administration has been recognized by the Nebraska Legislature in LB 522 (1982) (effective July 1, 1983), whereby all county welfare functions and responsibilities are transferred to the Nebraska Department of Public Welfare.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Royce N. Harper Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General